## A. J. JOHNS, et al. *v.* G. W. RACE.

Where there is no evidence to show that the wife administered her paraphernal property, alone and separately, it is presumed and considered that the husband administered it; and he is accountable to the succession for all moneys received and used by him belonging to it.

Where the plea of prescription has not been suggested in the brief, it will be considered as abandoned.

APPEAL from the Second District Court of New Orleans, *Bermudez*, J. LABAUVE, J. The defendant's wife, Sarah Ann Johns, married her said husband on 15th August, 1850, and died, leaving no descendant, on the 13th March, 1853, but leaving for heirs her mother, brothers and sisters, or their representatives. By her last will she had appointed her said surviving husband her universal legatee and executor testamentary. The plaintiffs sue to reduce the legacy to two-thirds, and to annul it for one-third, as the deceased left her mother as her forced heir, and since deceased. They aver that the estate of the deceased wife consisted in the sum of $5,000, received in 1853 by her said husband, as coming from her father's estate; and in a further sum of $6,000, with interest, coming from same estate, and received by her mother as her natural tutrix; her half in the community of acquets and gains, which existed between her and her said husband; and two lots and improvements thereon; and in moneys and other personal property. They pray for a partition between them and the defendant of all the property of any kind and description belonging to the succession of defendant's deceased wife, etc.

The defendant answered by a general denial, denying also the kinship of plaintiffs; but it was admitted afterwards; pleading, at the same time, the prescription of five years.

The District Judge, after having heard the testimony, decided that there was no community; that the defendant could not be charged with the $5,000 received during the marriage, as coming to the wife from her father's estate; that, so far, then, as the present action is concerned, the plaintiffs could take nothing; that the plaintiffs be recognized as the heirs of Mistress Race, and that the dispositions in the will be reduced to two-thirds of the estate. The Judge concluded by the following decree: "It is further ordered, etc., that, in the present proceeding, there be judgment in favor of the defendant, reserving to the plaintiffs their right, if any they have, to claim one-third of any other property which may come into the possession of the defendant, as heir of his deceased wife, or in whatsoever hands they may be, the defendant to pay the costs."

The plaintiffs took this appeal.

The evidence shows that the defendant purchased by public act, passed on the 29th December, 1851, the two lots of ground described in the petition as belonging to the community. This was during the marriage; and it is clear that they belong to the legal partnership which existed between the defendant and his deceased wife. C. C. Art. 2371.

The receipt for the $5,000 reads thus:

"Received, New Orleans, January 26th, 1853, from Mrs. Rebecca Johns, the sum of five thousand dollars, on account of the portion due Mrs. Sarah A. Johns, wife of G. W. Race, from her father's estate.

$5,000. (Signed) S. A. RACE.
" G. W. RACE."

There is no testimony in the record showing that Mrs. Race administered her paraphernal property alone and separately; in that case it is considered and presumed that the defendant administered it, and that he received and used himself the said sum of money; and he is now accountable to the succession of his wife for the same. C. C. Arts. 2362, 2363. 6 R. 41. 12 R. 524. 18 L. 434. 14 A. 281.

On the 13th June, 1859, the defendant received from the succession of Mrs. Rebecca Johns, $778 59, on account of what was due his deceased wife, and coming to him as her heir; he is bound to account for the same in the liquidation and partition of the succession.

The plea of five years' prescription is considered abandoned, the defendant and appellee not having called our attention to the same in his brief.

The question is not clearly settled whether, in a case like the present, the disposable portion is two-thirds or three-fourths. In *Heirs of Cole* v. *Cole, Executor*, 7 N. S. 414, a case exactly similar to this, this Court decided that the disposable portion was three-fourths. In *Héline Barbet* v. *Alexandre Roth*, 14 A. 381, it was decided that the disposable portion was two-thirds, when the testator, having no children, had left a father,

mother, or both; but Judge Buchanan, giving a separate opinion, doubted the correctness of the first decision in 7 N. S. 414.

The Court below decided that the disposable portion, in the present case, is two-thirds. The defendant and appellee has acquiesced in that part of the decree in this Court in not praying for an amendment on that point, so we have no opinion to express on the question.

We are of opinion that the judgment of the District Court is erroneous, on certain points, and correct on others.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed. It is further ordered, adjudged and decreed, that the plaintiffs be recognized as the heirs of Sarah Ann Johns, the deceased wife of defendant. It is further ordered and decreed, that the last will and testament of said Sarah Ann Johns, be annulled, so far as it disposes of more than two-thirds of the property of which she died possessed. It is further adjudged and decreed, the two lots of ground, described in the petition, together with such improvements as existed on the same at the time of the death of Mrs. Race, be declared to belong to the community which existed between said defendant and his deceased wife; the defendant's rights to improvements he may have erected on the same since the dissolution of the marriage, are reserved to him. It is further ordered and decreed, that said defendant do account, in the liquidation and partition of the succession of his deceased wife, for the sum of five thousand dollars, with legal interest, from the 15th March, 1853; and for the further sum of seven hundred and seventy eight dollars and fifty-nine cents; reserving to said plaintiffs any right they may have to other property, rights and credits not herein specially mentioned, and belonging to the succession of said deceased, or to the said community. It is further adjudged and decreed, that a liquidation and partition be made, according to law, of the succession of said deceased wife, and of the community which existed between said defendant and Sarah Ann Johns; and that this case be remanded to be proceeded in according to law and in conformity with this decision, and that the defendant pay costs of appeal.